# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO D. VILLA, et al., <br><br> Plaintiffs, <br> vs. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | CASE NO. 10CV81 DMS (WVG) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. 8] |

Defendants Wells Fargo Bank and HSBC Bank have moved to dismiss Plaintiffs' First Amended Complaint ("FAC"). For the reasons set forth below, the motion is granted.

## I.
## BACKGROUND

On or about August 17, 2006, Plaintiffs Dario D. Villa and Maria Theresa O. Villa obtained a loan which was secured by their residence. (FAC ¶¶ 1, 5.) Defendant Wells Fargo Bank subsequently purchased the loan and retained servicing rights for the loan. (*Id.* at ¶ 6.) In December 2008, Plaintiffs became unable to pay their mortgage. (*Id.* at ¶ 8.) The property went into default and a trustee's sale was scheduled for June 30, 2009. (*Id.* at ¶¶ 9-10.)

On April 13, 2009, Wells Fargo entered into a Servicer Participation Agreement with Fannie Mae, pursuant to the Home Affordable Modification Program ("HAMP Agreement"). HAMP is a government program, established pursuant to the Emergency Economic Stabilization Act of 2008,

designed to promote loan modification and other foreclosure prevention services. (HAMP Agreement at 1.) Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. (*Id.* at §§ 1, 4.) The servicer's obligations under HAMP are set forth in the HAMP Agreement, as well as in Program Guidelines established by the Department of the Treasury.

On June 3, 2009, Plaintiffs, through their counsel, contacted Wells Fargo to request a loan modification. Several phone calls were made to Wells Fargo throughout the month of June, and on June 29, 2009, Plaintiffs received confirmation that the pending foreclosure sale would be postponed until July 30, 2009. (*Id.* at ¶¶ 15-20.) During July, Plaintiffs' counsel made several calls to Wells Fargo regarding the status of the loan modification request. Plaintiffs allege that Wells Fargo employees stated they were reviewing the modification request and the foreclosure would be postponed pending review of the file. (*Id.* at ¶ 21.) On July 28, 2009, Plaintiffs were advised by a Wells Fargo employee that the foreclosure sale had not been postponed as of that date, but that she would send an email and try to get the sale postponed. (*Id.* at ¶ 22.) On July 30, 2009, the foreclosure sale went through and the home was sold to Defendant HSBC. (*Id.* at ¶ 23.)

On September 9, 2009, Plaintiffs filed suit in Superior Court, County of San Diego. On December 14, 2009, Plaintiffs filed their FAC, and thereafter Defendants removed the action to this Court. (Doc. 1.)

## II.
## DISCUSSION

The FAC alleges the following eight claims: 1) to set aside and vacate trustee's sale; 2) to cancel trustee's deed upon sale; 3) breach of contract; 4) intentional misrepresentation; 5) negligent misrepresentation; 6) quiet title; 7) declaratory relief; and 8) injunction. Defendants move to dismiss the FAC in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants move to dismiss for improper venue, or move to transfer the action to the District of Columbia. In their opposition, Plaintiffs abandon their claims for breach of contract, declaratory relief and injunction. The remaining claims are addressed below.

### A. Legal Standard

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### B. Claims to Set Aside Trustee's Sale & Cancel Trustee's Deed

Plaintiffs seek to set aside the trustee's sale and cancel the trustee's deed based upon Defendants' failure to comply with the HAMP Agreement. Plaintiffs allege that Defendants were required under the HAMP Agreement to postpone the foreclosure sale pending evaluation of Plaintiffs' loan modification application. Defendants argue the claims fail because Plaintiffs are not intended beneficiaries of the HAMP Agreement.

"Before a third party can recover under a contract, it must show that the contract was made for its direct benefit – that it is an intended beneficiary of the contract." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.2000). An intended beneficiary must be distinguished from an incidental beneficiary, which does not gain rights against the promisor. *Id.* at 1211 n.2. It is difficult to demonstrate third-party beneficiary status in the context of government contracts. *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244 (9th Cir. 2009). Because government contracts often benefit the public, parties generally are assumed to be incidental beneficiaries, rather than intended beneficiaries. *Klamath*, 204 F.3d at 1211. In order for a third-party

to enforce a government contract, there must be a clear intent to make the party an intended beneficiary. *Id.* "Clear intent" is not shown "by a contract's recitation of interested constituencies... or even a showing that the contract 'operates to the [third parties'] benefit and was entered into with [them] in mind.'" *County of Santa Clara*, 588 F.3d at 1244. Instead, the precise language of the contract must show a clear intent "to rebut the presumption that the [third parties] are merely incidental beneficiaries." *Id.*

In *Escobedo v. Countrywide*, 2009 WL 4981618 at *3 (S.D. Cal. 2009), the district court addressed this precise issue and held that borrowers were incidental beneficiaries under an identical HAMP agreement. The court determined that although the HAMP agreement was entered into in part for the benefit of borrowers, the language of the contract failed to demonstrate that the parties intended to grant enforceable rights under the contract to borrowers. *Id.* at *2. The court noted that the contract itself, like the present contact, stated it "inure[s] to the benefit of . . . the parties to the Agreement and their permitted successors-in-interest," not borrowers. *Id.* The court also noted that the HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement. *Id.* at *3.

This Court finds *Escobedo* persuasive and adopts its reasoning. Accordingly, Defendants' motion to dismiss the first and second claims of the FAC is granted without leave to amend.[1]

**C.    Intentional and Negligent Misrepresentation**

Defendant argues Plaintiffs' intentional and negligent misrepresentation claims are not pled with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees.

The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Unlike fraud, negligent misrepresentation does not require knowledge of falsity or intent to defraud. *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003). Rather, negligent misrepresentation may be shown when there is a false statement made by "one who has no reasonable

---

[1] It is also notable that the HAMP legislation was enacted with the hopes of helping 3 to 4 million homeowners avoid foreclosure. *See* Making Home Affordable.gov, http://makinghomeaffordable.gov/about.html. While numbers alone are not determinative of intended beneficiary status, "the breadth and indefiniteness of a class of beneficiaries is entitled to some weight in negating the inference of intended beneficiary status." *County of Santa Clara*, 588 F.3d at 1248.


ground for believing it to be true." *Id.* (citing Cal. Civ. Code § 1710(2)). Both fraud and negligent misrepresentation claims are subject to Rule 9(b) heightened pleading standards. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C. D. Cal. 2003). A fraud based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106.

Here, Plaintiffs allege they contacted Wells Fargo throughout July and were informed that their file was under review and that any foreclosure date would be postponed pending review of their file. (FAC at ¶ 21.) On July 28, 2009, Plaintiffs allege they spoke with "Lashanna" at Wells Fargo who informed them that the sale date had not yet been postponed and that she would attempt to get the process moving. (*Id.* at ¶ 22.) Plaintiffs allege that Wells Fargo misrepresented: 1) that it was complying with HAMP; and 2) that the trustee's sale would be postponed while Wells Fargo reviewed the Plaintiffs' file under HAMP. (*Id.* at ¶ 41.) These allegations are insufficient under Rule 9(b) as the conversations are not described with sufficient specificity to determine who said what to whom, and when. Although Defendants argue amendment would be futile, the Court grants Plaintiffs leave to amend.

**D.     Quiet Title**

Plaintiffs' quiet title claim is based on the claims above. Since those claims fail, Plaintiffs' quiet title claim also fails.

### III.
### CONCLUSION

Defendants' motion to dismiss is granted. Plaintiffs may file a second amended complaint consistent with this Order within twenty (20) days of entry of this Order on the Court's docket. The balance of Defendants' motions are denied as moot.

**IT IS SO ORDERED.**

DATED: March 15, 2010

_____
HON. DANA M. SABRAW
United States District Judge